IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARQUIS O. FERGUSON                                                                         PLAINTIFF

v.                                      CASE NO. 5:13CV00142 JTK

CAROLYN W. COLVIN, *Commissioner*,
Social Security Administration                                                              DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff seeks judicial review of a final decision by the Commissioner of the Social Security Administration (SSA) denying his claim for Supplemental Security Income (SSI) based on disability. Both parties have submitted appeal briefs, and the case is ready for decision.[1] The only issue before the Court is whether the Commissioner's decision is supported by substantial evidence. For the reasons outlined below, the Court affirms the decision of the Commissioner.

On January 10, 1991, Plaintiff filed an application for disabled child benefits, and the application was granted and approved. As required by law, SSA reviewed Plaintiff's case when he turned eighteen (18) years of age and found he was no longer under a disability as of February 1, 2009, and thus, SSA terminated benefits. This determination was upheld upon reconsideration after a disability hearing. Subsequently on January 13, 2011, Plaintiff filed another application for child's disability beginning January 10, 1991 due to depression, seizures, borderline intellectual functioning, and asthma. His application was denied throughout the administrative appeal process. Following the hearing before the Administrative Law Judge (ALJ), the SSA found Plaintiff not

---

[1] The parties have consented to the jurisdiction of a Magistrate Judge (DE #4).

disabled. The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process[2] and found that Plaintiff had the severe[3] impairments of depressive disorder, asthma, and borderline intellectual functioning. The ALJ determined Plaintiff did not, however, have an impairment or combination of impairments that met or medically equaled a listing. In assessing residual functional capacity (RFC), the ALJ found Plaintiff could perform medium work,[4] limited to jobs where the complexity of tasks was learned by rote or with short demonstrations, little judgment, and few variables along with direct, simple, and concrete supervision. Due to his asthma, Plaintiff was to avoid exposure to respiratory irritants such as dust, fumes, gases, or extreme temperatures. Further, the ALJ found Plaintiff had no past relevant work; however, based on the testimony of the vocational expert (VE), the ALJ found other work existed in the national economy that Plaintiff could perform, including retail bagger and kitchen helper. Consequently, the ALJ concluded that Plaintiff was not disabled. This appeal followed.

The Eighth Circuit has set forth the standard for the federal court's judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is

---

[2]The five-part test is whether the claimant is (1) engaged in substantial gainful activity; (2) severely impaired; (3) whether the impairment [meets] or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that she is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[3]An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520, 416.920. An impairment is "nonsevere" when medical or other evidence establishes only a slight abnormality that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921.

[4]Medium work requires involves lifting no more 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. *See* 20 C.F.R. §§ 404.1567(c), 416.967(c).

>   less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

*Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability. To be eligible for disabled child benefits, a claimant must prove that he is under a disability that began before age 22 and existed at the time of the claimant's application for benefits. *See* 42 U.S.C. § 402. A claimant is "under a disability" if the claimant is unable to engage in substantial gainful activity by reason of any medically determinable mental or physical impairment that has lasted or can be expected to last for 12 months or more. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues that the ALJ failed to discuss the GAF score, failed to include this GAF score in the hypothetical to the vocational expert (VE), and failed to evaluate the impact of his WAIS score in perceptual reasoning.

    *1.    Global Assessment Functioning (GAF)*

Plaintiff argues first that the ALJ failed to discuss the 49 to 59 GAF score assigned by Dr. Abbott. Plaintiff also argues the ALJ erred by not including the GAF score in the hypothetical to the VE. The Court finds no error.

GAF scores are subjective determinations that represents the clinician's judgment of an individual's overall level of functioning. *Jones v. Astrue*, 619 F.3d 963, 973 (8th Cir. 2010) (internal citations omitted). The failure to reference a GAF score is not, standing alone, sufficient grounds to reverse a disability determination. *Id.* at 973. Moreover, "an ALJ may afford greater weight to

medical evidence and testimony than to GAF scores when the evidence requires it." *Id.* at 974 (citing *Hudson ex rel. Jones v. Barnhart*, 345 F.3d 661, 666 (8th Cir. 2003). Furthermore, the testimony from a vocational expert constitutes substantial evidence when it is based on a properly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997). "A hypothetical question is properly formulated if it sets forth impairments 'supported by substantial evidence in the record and accepted as true by the ALJ.'" *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)).

Contrary to Plaintiff's assertion, the ALJ did note Dr. Abbot's GAF score in his discussion of the evidence of record. However, as was permissible, the ALJ gave greater weight to the medical evidence and testimony than to the GAF score. The record indicated Plaintiff had a girlfriend, played computer games and basketball, played in a church band, drove, cleaned his room, and attended school to obtain his GED. An alleged mental impairment is not disabling when no significant deficiency of concentration, persistence, or pace exists and the alleged impairment does not significantly restrict daily activities. *Clark v. Apfel*, 141 F.3d 1253, 1255-56 (8th Cir. 1998). Additionally, other record evidence indicated only moderate limitations understanding and remembering detailed instructions, sustained concentration and persistence, social interaction, and adaptation.

Furthermore, as discussed above, GAF scores are not dispositive in Social Security cases. They are primarily used as diagnostic tools and although they may be relevant to an ALJ's findings, they are not essential. Thus, a hypothetical need not include a GAF score to accurately reflect a claimant's limitations. In creating a hypothetical to the VE, the ALJ properly focused on setting

4

forth hypotheticals that captured the concrete consequences of Plaintiff's impairments. Accordingly, the ALJ's hypothetical accurately depicted his limitations despite the omission of a GAF score.

### 2. *Wechsler Adult Intelligence Scale-III (WAIS) Score*

Plaintiff's next argument is that the ALJ failed to evaluate the impact of his score of 67 on the perceptual reasoning portion of the WAIS test. Specifically, Plaintiff alleges that the perceptual reasoning score of the WAIS testing demonstrates the level of skill in solving nonverbal problems, using eye-hand coordination, and working quickly and efficiently with visual information and that such limitations should have been included in the hypotheticals posed to the VE.

"The I.Q. score must reflect the claimant's true abilities as demonstrated by his or her performance at work, household management and social functioning." *Brown v. Sec. of Health & Human Servs.*, 948 F.2d 268, 269 (6th Cir. 1991). The Commissioner is not required to accept a claimant's I.Q. scores and may reject scores that are inconsistent with the record. *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995). Indeed, test results of this sort should be examined "to assure consistency with daily activities and behavior." *Popp v. Heckler*, 779 F.2d 1497, 1499 (11th Cir. 1986) (per curiam).

The results of the WAIS test indicated the following scores: verbal score of 74, performance score of 74, verbal comprehension score of 80, perceptual organization score of 67, and full-scale score of 72. Dr. Abbott administered this test to Plaintiff and opined that it was an accurate estimate of Plaintiff's level of functioning and concluded that Plaintiff appeared to be functioning within the borderline range of intelligence. Nothing in the record indicates the ALJ did not consider the perceptual organization score. In fact, he included the scores of all portions of the test in the final decision. Further, medical evidence and Plaintiff's own testimony are inconsistent with his daily

activities and behavior as outlined above.

In conclusion, having carefully reviewed the record, the undersigned finds substantial evidence to support to the ALJ's decision to deny benefits, and thus the decision should be affirmed. The Complaint is dismissed with prejudice.

IT IS SO ORDERED this 24th day of April, 2014.

_____
UNITED STATES MAGISTRATE JUDGE